BOLIN, Judge.
Plaintiff, alleging she was struck in the eye by a glass thrown by a patron in the cocktail lounge where she was employed as a hostess, seeks to recover workmen’s compensation benefits. In a brief but well-reasoned written opinion the district judge rejected plaintiff’s demands, basing his decision on his finding that she was not covered by the Workmen’s Compensation Act since she was not engaged in a hazardous occupation as delineated in the Act and the jurisprudence thereunder. Plaintiff appeals and we affirm the judgment of the lower court.
The record is brief and the issue, which is clear-cut, was fully discussed and disposed of by the trial court. For this reason we shall recite only such background facts deemed essential for an understanding of our ruling.
Plaintiff’s principal duties, as hostess in the cocktail lounge owned by defendant, required her to greet customers, escort them to tables, take orders for and serve drinks and perform the other incidental or routine tasks of her occupation. As a hostess we find she did not operate the cash register or ice machine, two electrical devices located in the lounge. The weight of the evidence is that plaintiff had substituted as a bartender on two isolated occasions and then only while the regular bartender was momentarily away from the premises. When substituting as a bartender plaintiff did operate the cash register and procure ice from the ice machine.
The sole issue before the lower court and before us is: May an employee whose regular employement is neither hazardous under the terms of the Louisiana Workmen’s Compensation Statute, nor under established jurisprudential rules, recover benefits where, on two isolated occasions she operated an electric cash register and removed ice from an electric icemaker ?
Louisiana R. S. 23:1035 provides in part as follows:
“The provisions of this Chapter shall also apply to every person performing services arising out of and incidental to his employment in the course of his employer’s trade, business, or occupation in the following hazardous trades, businesses and occupations:
>{i ifc ‡
“The construction, installation, operation, alteration, removal or repairs of wires, cables, switchboards or apparatus charged with electrical current.”
Counsel for appellant cite Pinchera v. Great Atlantic & Pacific Tea Company (La.App.2d Cir. 1968-writ refused), 206 So.2d 793, and Fontenot v. J. Weingarten, Inc., 249 So.2d 886, 259 La. 217 (1971). Both cases are factually distinguishable from the one before us. In Pinchera the injured employee was manager of the coffee, dairy and candy departments of a large grocery store. This court held that because a substantial portion of the employee’s duties required her to operate an electric package sealer and an electric coffee grinder, she came within the purview of that portion of the statute quoted supra. *159 In Fontenot it was held a stockman in a supermarket, a substantial portion of whose duties required that he regularly and frequently operate an electrically motivated cash register and conveyor-counter, was covered by the Workmen’s Compensation statute.
We find, as did the lower court, that plaintiff has failed to prove she was required to operate an electrically charged device as a substantial part of her employment and, even under the liberal jurisprudential rules developed under the Louisiana Workmen’s Compensation Act, she is not entitled to benefits. Accordingly, the judgment appealed from is affirmed at appellant’s cost.