HALL, Judge.
Plaintiff, Anna Lee Grant, appeals from a judgment of the district court rejecting her demands for workmen’s compensation benefits from her employer, Olive Gardens, Inc. We affirm.

The Issue

The issue presented by this appeal is whether plaintiff’s employment as a nurses aide by the defendant nursing home was hazardous by reason of regular and frequent contact with electrical appliances as a substantial part of her duties so as to entitle her to workmen’s compensation benefits for an injury sustained during the course and scope of her employment.

The Law

LSA-R.S. 23:1035 provides in pertinent part:
“The provisions of this Chapter shall also apply to every person performing services arising out of and incidental to his employment in the course of his employer’s trade, business, or occupation in the following hazardous trades, businesses and occupations:
“ * * * The construction, installation, operation, alteration, removal or repairs of wires, cables, switchboards or apparatus charged with electrical current. * * * ”
In Fontenot v. J. Weingarten, Inc., 259 La. 217, 249 So.2d 886 (1971) the Louisiana Supreme Court held it is “the well-settled jurisprudence that, even though the principal business of the employer is not among the callings which are declared to be hazardous by the act, yet an employee may be considered to come under the act where there are features of the employer’s business which are classified as hazardous under R.S. 23:1035, such as mechanical or electrical appliances or equipment which are used in the business, and the employee, as an integral part of his duties, is regularly and frequently exposed to and brought into contact with such appliances, albeit he is primarily engaged in the nonhazardous part. And in such case the employee is entitled to compensation benefits even though he was injured while working in a nonhazardous phase of his employment.” The court further held that when an employee “is required to operate apparatus charged with electrical current as a substantial part of his employment he is engaged in a hazardous phase of his employer’s business, and is entitled to compensation (when injured in the course and scope of his employment) regardless of the nature of the apparatus or appliance involved, and even though the business of the employer, generally, may not be hazardous within the contemplation of the compensation act.” Compensation benefits were awarded to a stockman in a supermarket whose principal duty was to move goods from a storeroom, mark prices on them, and place them on the store shelves. However, the employee was required to perform the duties of a checker or cashier often enough to justify the conclusion that he regularly and frequently came into contact with and operated an electric cash register and conveyor-counter.
In Shepherd v. Fort Sherwood Apartments, 270 So.2d 298 (La.App. 1st Cir. 1972) writ refused 272 So.2d 375 (1973) the First Circuit, while disagreeing with the Supreme Court decision in Fontenot, followed the decision and awarded compensation benefits to a maid whose primary duties consisted of general cleaning duties in an apartment complex in the course of which she used an electric vacuum cleaner and rug shampooer and also cleaned out electric refrigerators, stoves, washing machines and clothes dryers. She also changed the lint filters on the clothes dryers and used the electric clothes dryers periodically.
In Humphries v. Jones, 260 So.2d 157 (La.App. 2d Cir. 1972) the Second Circuit recognized the rule of the Fontenot case but denied benefits to a hostess in a cock *425 tail lounge whose principal and regular duties were nonhazardous and did not involve the use of electrical appliances but who on two isolated occasions operated an electric cash register and removed ice from an electric ice maker.
A nursing home is not one of the trades, businesses or occupations specifically listed in LSA-R.S. 23:1035 and no evidence was offered at the trial of the case before the court to establish that such business is hazardous in fact. Applicability of the Workmen’s Compensation Act in the instant case is dependent entirely on whether plaintiff established that she was required to regularly and frequently operate electric washing machines and dryers as a substantial part of her employment.

The Facts

The evidence establishes that plaintiff was employed as a nurses aide at the defendant nursing home for approximately seven years prior to the accident. She ordinarily worked the night shift from 10:00 p. m. to 6:00 a. m. On June 11, 1971, in the early morning hours while it was still dark, plaintiff slipped and fell while going out of a door of the main building of the nursing home allegedly as she was on her way to the washroom to take a load of clothes out of the washing machine. She sustained a relatively minor injury to her back for which she was treated by a doctor and discharged within about two months.
The evidence as to whether plaintiff was required to, or did in fact, regularly and frequently operate the washing machines and dryers at the nursing home as a substantial part of her duties is in sharp conflict. Plaintiff testified, with some corroboration by other employees and former employees of the nursing home, that the nurses aide on each shift had the responsibility of washing linens, that she regularly did so every night during her employment at the nursing home, and was doing so at the time she was injured. On the other hand, defendant offered the testimony of its director of nurses, corroborated to some extent by the testimony of other employees, to the effect that washing linens was not one of the duties assigned to nurses aides, that a linen service supplied clean linens, that any washing to be done was done by a housekeeper employed for that purpose, that the nurses aides had been specifically instructed not to do any washing, and that the nurses aides had been instructed not to go out of the main building to the washroom at night because of trouble with vandals in the neighborhood.
In denying defendant’s motion for summary judgment prior to trial of this case, the district court recognized the factual issue involved, holding there was a genuine issue as to a material fact, that is, whether the plaintiff did or did not operate the various electrical, mechanical washing equipment on the premises within the scope of her employment. After trial, in rejecting plaintiff’s demands, the district court stated in reasons for judgment:
“Considering the testimony of the witnesses and their demeanor and judging the credibility of same, the court is of the opinion that plaintiff has failed to carry her burden of proof and has failed to show that defendant is liable to her under the Workmen’s Compensation Statutes of the State of Louisiana.”
Resolution of the factual issue presented in this case depends primarily on the reliability and credibility of the several witnesses who testified. The evaluation by the trial judge of the testimony based on his observation of the witnesses is entitled to great weight. There are enough inconsistencies and weaknesses in the testimony of plaintiff and her corroborating witnesses to justify the trial court’s finding that plaintiff failed to prove the facts essential to applicability of the Workmen’s Compensation statute. There is no manifest error in the decision of the trial court.
For the reasons assigned, the judgment of the district court is affirmed at appellant’s costs.
Affirmed.